IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3212-F

| | | |
|---|---|---|
| SAMUEL KNOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the following motions:

1) Plaintiff's motion to re-appoint counsel [DE-15];

2) Defendant's motion to dismiss [DE-18]; and

3) Plaintiff's motion to correct pleadings [DE-22].

For the following reasons: (1) Plaintiff's motion to re-appoint counsel [DE-15] is DENIED as moot; (2) Defendant's motion to dismiss [DE-18] is DENIED WITHOUT PREJUDICE; and (3) Plaintiff's motion to correct pleadings [DE-22] is ALLOWED.

## I. Motion to re-appoint counsel

In his motion to re-appoint counsel, Plaintiff requests that Mr. Dhamian Blue be appointed to represent him in this matter. [DE-18]. After Plaintiff filed this motion, Mr. Blue entered a notice of appearance [DE-23] on behalf of Plaintiff. Accordingly, this request is DENIED AS MOOT.

## II. Motion to dismiss

### A. Background

On or about May 8, 2009, while at the Federal Detention Center in Miami, Florida ("FDC Miami"), Plaintiff underwent a medical procedure to correct a vision deficiency in his right eye.

Compl. [DE-1], ¶ 5. This procedure included the injection of silicone oil into Plaintiff's right eye. Id. After the procedure, the treating physician indicated that Plaintiff "will need silicone oil removal and secondary intraocular lens in November 2009. Please assume his care." Id.

Plaintiff was transferred from FDC Miami to the Federal Correctional Institution II in Butner, North Carolina on June 12, 2009. Id. ¶ 6. On November 20, 2009, Plaintiff was examined by Dr. Vinod K. Jindal.[1] Id. Dr. Jindal determined that Plaintiff required the removal of the silicone oil from his right eye. Id. On or about July 2010, Dr. Jindal prepared Plaintiff for said procedure, and indicated that Plaintiff was to return within four weeks. Pl. Ex. C. [DE-1-1], p. 7. However, Plaintiff asserts that Defendant did not transport him to this scheduled medical procedure until over a year later. Id. By that time, Plaintiff had lost all vision in his right eye because the silicone oil had hardened. Id. ¶ 8. Plaintiff now seeks damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, as a result of Defendant's failure to transport him to a scheduled medical procedure.

**B. Rule 12(b)(1)**

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), Plaintiff bears the burden of establishing federal jurisdiction. See Fed. R. Civ. P. 12(b)(1); Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject-matter jurisdiction may be based, the facts in the complaint are assumed to be true. Kerns, 585 F.3d at 192. Where the Rule 12(b)(1) motion attacks the existence of subject-matter jurisdiction, apart from the complaint, the court may weigh

---

[1] Plaintiff concedes that Dr. Jindal is a private contractor for the Federal Bureau of Prisons ("BOP"). Def. Mem. [DE-26], p. 2.

2

the evidence to determine the existence of jurisdiction. Id.

Defendant asserts that the court lacks subject-matter jurisdiction over Plaintiff's FTCA claim because he was injured by the act of an independent contractor: Dr. Jindal. Def. Mem. [DE-19], pp. 9-20. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963) (footnote omitted). The waiver is limited, however, to acts of governmental employees, and does not extend to acts of independent contractors. See Logue v. United States, 412 U.S. 521, 526–30 (1973); Williams v. United States, 50 F.3d 299, 305–06 (4th Cir. 1995); Wood v. Standard Prods. Co., 671 F.2d 825, 829 (4th Cir. 1982).

Defendant argues that because Dr. Jindal was an independent contractor, it cannot be held liable for Plaintiff's medical treatment. [DE-19], pp. 9-20. This argument misapprehends the nature of Plaintiff's claims. Plaintiff does not argue that Dr. Jindal provided negligent medical treatment. Rather, he alleges that he lost his vision because "Bureau of Prison staff had taken too long to accept a consultation request." Compl. [DE-1] ¶ 8. Therefore, Plaintiff has plausibly alleged facts concerning the alleged negligence of BOP employees to withstand the motion to dismiss. See Baker v. United States, 5:11-CT-3070-D, 2013 WL 211254, at * 4 (E.D.N.C. Jan. 18, 2013). Thus, Defendant's motion to dismiss Plaintiff's complaint pursuant to pursuant to Rule 12(b)(1) is DENIED.

## C. Rule 12(b)(6)

Defendant also argues that Plaintiff's complaint should be dismissed pursuant to Rule

3

12(b)(6) of the Federal Rules of Civil Procedure. When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 559 U.S. 992 (2010). Accordingly, while a reviewing court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff," Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Defendant argues that Plaintiff has not complied with North Carolina Rule of Civil Procedure 9(j).[2] Def. Mem. [DE-19], pp. 20-23. Rule 9(j) states:

> Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:

---

[2] The parties agree that North Carolina substantive law controls this claim. Def. Mem. [DE-19], p. 22; Pl. Resp. [DE-26], p. 7; see Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009); 28 U.S.C. § 1346(b).

4

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

The North Carolina General Assembly enacted Rule 9(j) "in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that the conduct did not meet the applicable standard of care." Estate of Waters v. Jarman, 144 N.C. App. 98, 100, 547 S.E.2d 142, 144 (2001) (quotation omitted); see Thigpen v. Ngo, 355 N.C. 198, 203–04, 558 S.E.2d 162, 166 (2002). Failure to comply with Rule 9(j) is a ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676–77 (W.D.N.C. 2004); Moore v. Pitt Cnty. Mem'l Hosp., 139 F. Supp. 2d 712, 713–14 (E.D.N.C. 2001).

Plaintiff describes his claims as sounding in "medical negligence." Compl. [DE-1], pp. 5-8. However, the North Carolina Court of Appeals has stated:

> According to N.C. Gen.Stat. § 90–21.11, "the term 'medical malpractice action' means a civil action for damages for personal injury or death arising

5

out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." When nurses make "medical decision[s] requiring clinical judgment and intellectual skill," they are providing professional services, and therefore the action against them must be certified per Rule 9(j). Sturgill v. Ashe Mem'l Hosp., Inc., 186 N.C.App. 624, 652 S.E.2d 302, 306 (2007), rev. denied, 362 N.C. 180, 658 S.E.2d 662 (2008). Corporate negligence actions brought against hospitals which pertain to clinical patient care sound in medical malpractice, while such actions which arise out of policy, management, or administrative decisions sound in ordinary negligence. Estate of Waters v. Jarman, 144 N.C.App. 98, 547 S.E.2d 142, 145 (2001). Examples of policy, management, or administrative decisions include "granting or continuing hospital privileges, failing to monitor or oversee performance of the physicians, credentialing, and failing to follow hospital policies [.]" Id. "In determining whether or not Rule 9(j) certification is required, the North Carolina Supreme Court has held that 'pleadings have a binding effect as to the underlying theory of plaintiff's negligence claim.' " Sturgill, 652 S.E.2d at 305 (quoting Anderson v. Assimos, 356 N.C. 415, 572 S.E.2d 101, 102 (2002)).

Deal v. Frye Reg'l Med. Ctr., Inc., 691 S.E.2d 132 (table), 2010 WL 522727, at * 2 (N.C.Ct.App. Feb. 16, 2010) (alterations in original); accord Littlepaige v. United States, 528 Fed. Appx. 289, 293 (4th Cir. 2013) (unpublished opinion).

Applying these standards, Plaintiff's claims arguably have a basis in ordinary negligence, not medical malpractice. Strictly speaking, Plaintiff does not question the judgment or skill of any health care provider. Rather, Plaintiff claims that Defendant negligently failed to return him for a previously scheduled surgery. Compl. [DE-1], pp. 4-7. Therefore, Rule 9(j) may not be applicable to Plaintiff's claim. Moreover, as discussed below, Plaintiff will be given leave to amend his complaint to clarify the nature of his claims. Thus, Defendant's motion to dismiss Plaintiff's complaint pursuant to pursuant to Rule 12(b)(6) is DENIED WITHOUT PREJUDICE.[3]

---

[3] Plaintiff is admonished that the North Carolina Supreme Court has held that a plaintiff may not be granted an extension of time to amend his initial complaint to include the necessary Rule 9(j) certification. See Thigpan v. Ngo, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002). Rather, "[f]ailure to include the certification necessarily leads to dismissal." Id. at 202, 558 S.E.2d at 165.

6

### III. Motion to amend

Plaintiff's motion to correct pleadings [DE-22] will be construed as a motion to amend the complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman, 371 U.S. at 182; see Pub. Emps.' Ret. Ass'n of Colo. v. Deloitte & Touche LLP, 551 F.3d 305, 313 n.3 (4th Cir. 2009); Nourison, 535 F.3d at 298. Given this liberal standard, Plaintiff's motion to amend [DE-22] is ALLOWED.

Plaintiff has filed a proposed amended complaint [DE-22-1]. However, the proposed amended complaint was filed while Plaintiff was proceeding pro se and was not prepared with the assistance of counsel. Accordingly, counsel is directed to file an amended complaint on Plaintiff's behalf no later than April 21, 2014.

### IV. Conclusion

For the aforementioned reasons: (1) Plaintiff's motion to re-appoint counsel [DE-15] is DENIED as moot; (2) Defendant's motion to dismiss [DE-18] is DENIED WITHOUT PREJUDICE; and (3) Plaintiff's motion to correct pleadings [DE-22] is ALLOWED. Counsel is directed to file an amended complaint no later than April 21, 2014. Furthermore, the parties are directed to confer and file a proposed scheduling order (or separate proposed orders, if the parties cannot agree) no later

than May 21, 2014. The court expects the proposed scheduling order(s) to include a date for the government's answer to the complaint, a discovery period, and a prompt deadline for dispositive motions in order to move this long-pending case to resolution. Magistrate Judge Webb will review the proposals and enter a scheduling order. The parties should not expect continuances of the deadlines in the scheduling order.

SO ORDERED. This the 20' day of March 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge